UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JAMES STEWART HAMILTON, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No: 7:19-cv-00027-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| W.L. GORE & ASSOCIATES, INC, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

# I

The Plaintiff, James Stewart Hamilton, brought an action in Pike Circuit Court alleging that a defect in the Defendants' abdominal mesh caused him an injury. [R. 1.] The Defendants then removed this action to federal court pursuant to 28 U.S.C. § 1441. [R. 1.] But Hamilton argues this Court has no jurisdiction because he is not seeking an amount that exceeds $75,000. [R. 10.] Because Hamilton is correct, and motions to remand are typically considered before motions to dismiss, his Motion to Remand is **GRANTED**.

# II

## A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Where a plaintiff's complaint requests an indeterminate amount in damages, the "Court places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). A defendant is not required to prove to a legal certainty that a plaintiff's damages are greater than $75,000. *Id.* at 572. "A defendant's claims of the amount in controversy must be supported by 'competent proof,' which can include affidavits, documents, or interrogatories." *Ramsey v. Kearns*, 2012 U.S. Dist. LEXIS 22970, at *3 (E.D. Ky. Feb. 23, 2012) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

## II

### A

Kentucky's Rules of Civil Procedure prevent a plaintiff seeking unliquidated damages from specifying a dollar amount in any pleading. *See* Ky. R. Civ. P. 8.01. As a result, a plaintiff can make a post-removal clarification, in the form of a stipulation, concerning the amount of damages he seeks. *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F.Supp.3d 775, 780 (E.D. Ky. 2014). Here, Hamilton has declared under penalty of perjury that he will not seek damages

greater than $74,999.99. [R. 10-1.] Hamilton's post-removal affidavit, therefore, is a clarification, not a reduction. But the Defendant argues that Hamilton's declaration is not sufficiently unequivocal. [R. 12 at 10-12.] The Defendant is incorrect. In *Manning*, the Court found that a simple stipulation regarding damages was enough to warrant remand, despite policy limits that would allow for a significantly higher recovery. *Manning v. State Farm Fire and Cas. Co.*, 2011 WL 146391, at *1 (E.D. Ky. 2011). Hamilton's post-removal stipulation that he will not seek more than $74,999.99, likewise, is sufficiently unequivocal.

**B**

Hamilton has also requested an award of costs and attorney fees stemming from unsuitable removal pursuant to 28 U.S.C. § 1447. [R. 10.] Although this Court has ultimately concluded that remand is proper, the Court does not find that the Defendant "lacked an objectively reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013). Given that some courts have found the Hamilton's stipulation insufficient to defeat diversity jurisdiction, the Defendant had a reasonable basis for believing this Court had jurisdiction over the case. Therefore, this Court **DENIES** the Plaintiff's Motion for Award of Costs and Attorney Fees. [R. 10.]

**III**

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion [**R. 10**] is **GRANTED** as to remand**;**

2. Defendants' Motion to Dismiss for Failure to State a Claim **[R. 9]** is **DENIED**;

3. This action is **REMANDED** in its entirety to the Pike Circuit Court from which it was removed; and

4. This matter is **STRICKEN** from the Court's active docket.

This the 24th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge